UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| OTU A. OBOT, | REPORT |
| | and |
| Plaintiff, | RECOMMENDATION |
| v. | ---------------------------- |
| | DECISION |
| INTERNAL REVENUE SERVICE, | and |
| | ORDER[1] |
| Defendant. | |
| _____ | 12-CV-01053A(F) |

APPEARANCES:        OTU A. OBOT, *Pro Se*
                            502 Windermere Boulevard
                            Amherst, New York 14226

                            ERIC H. HOLDER
                            United States Attorney General
                            Attorney for Defendant
                            KATHRYN KENEALLY
                            Assistant Attorney General, of Counsel
                            U.S. Department of Justice Tax Division, and
                            LISA L. BELLAMY
                            Trial Attorney, of Counsel
                            U.S. Department of Justice Tax Division
                            P.O. Box 55 – Ben Franklin Station
                            Washington, D.C. 20044
                                     and
                            WILLIAM J. HOCHUL, JR.
                            United States Attorney
                            JANE B. WOLFE
                            Assistant United States Attorney, of Counsel
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York 14202

---

[1] Defendant's motion to dismiss for lack of jurisdiction, which is dispositive, and Plaintiff's motion for leave to file an amended complaint, which is nondispositive, are addressed in this combined Report and Recommendation and Decision and Order in the interests of judicial economy and clarity.

1

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on January 7, 2013, for all pretrial matters, including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendant's motion to dismiss for lack of jurisdiction (Doc. No. 2), filed December 27, 2012, and Plaintiff's motion for leave to file an amended complaint (Doc. No. 5), filed February 13, 2013.

## BACKGROUND and FACTS[2]

Plaintiff Otu A. Obot ("Plaintiff" or "Obot"), commenced this action on October 30, 2012, seeking a permanent injunction prohibiting Defendant Internal Revenue Service ("Defendant" or "IRS"), from levying on Plaintiff's Social Security benefits for unpaid taxes, interests and fees allegedly unlawfully assessed, as well as a refund of all amounts, including interest and penalties, Plaintiff claims were "illegally confiscated" by the IRS. According to Plaintiff, such confiscations and levies occurred nine months beyond the applicable statute of limitations, and were in violation of IRC § 6501(a), 26 U.S.C. § 6501(a).

On December 27, 2012, Defendant filed the instant motion (Doc. No. 2) ("Defendant's motion") seeking to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) ("Rule 12(b)(1)") for lack of jurisdiction, attaching the Memorandum in Support of Motion to Dismiss (Doc. No. 2-1) ("Defendant's Memorandum"), and exhibits 1 and 2 (Docs. Nos. 2-2 and 2-3) ("Defendant's Exh(s). __"). On February 13, 2013, Plaintiff filed a single document entitled "Motion in Opposition to Defendant's Motion to Dismiss

---

[2] The Facts are taken from the pleadings and motion papers filed in this action.

2

Complaint (Doc. No. 5) ("Plaintiff's Response"), in which Plaintiff asserts legal arguments in opposition to Defendant's motion, and also asserts he is amending the complaint pursuant to Fed.R.Civ.P. 15(a) ("Rule 15") to include "a Cause of Action pursuant to 28 U.S.C.A. § 1331, Federal Question . . . ." Plaintiff's Response at 6. On February 15, 2013, Defendant filed a Reply to Response to Motion to Dismiss (Doc. No. 6) ("Defendant's Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendant's motion to dismiss for lack of jurisdiction should be GRANTED; Plaintiff's motion to amend is DENIED.

## **DISCUSSION**

### 1.  **Motion to Dismiss**

Defendant moves to dismiss the Complaint for want of subject matter jurisdiction, asserting (1) the action is barred by the United States' sovereign immunity, Defendant's Memorandum at 1-2; (2) the injunctive relief claim is barred by the Anti-Injunction Act, *id.* at 2-4; (3) Plaintiff's request for a refund is barred by his failure to exhaust administrative remedies, *id.* at 4-5; and (4) Plaintiff, as a taxpayer, cannot satisfy the waiver provision under 26 U.S.C. § 7426(a)(1) allowing for a waiver of "sovereign immunity for persons other than taxpayers to bring actions against the United States for wrongful levy." *Id.* at 5. Plaintiff has not directly responded to any of Defendant's arguments, asserting instead that subject matter jurisdiction exists under 28 U.S.C. § 1346(a)(1), which provides for original jurisdiction in the district courts for "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ," Plaintiff's Response at 1-4, and that Defendant's actions in assessing and collecting taxes, penalties, and interest

were in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments. *Id*. at 4-5. In further support of dismissal for lack of jurisdiction, Defendant argues Plaintiff's concession that "Plaintiff has not made any inquiries of the Internal Revenue Service beyond filing this complaint," establishes Plaintiff has failed to exhaust his administrative remedies. Defendant's Reply at 1 (quoting Plaintiff's Response at 5).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed.R.Civ.P. 12(b)(1)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Id*. (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). In the instant case, for all the reasons stated by Defendant, Plaintiff has failed to meet his burden.

First, with regard to Defendant's argument that the action is barred by the sovereign immunity of the United States, Defendant's Memorandum at 1-2, it is settled that "absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). It is further settled that any statutory waiver of immunity from suit is strictly construed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("'The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" (quoting *United States v.*

4

*Sherwood*, 312 U.S. 584, 586 (1941))). *See Weisman v. Comm'r of IRS*, 103 F.Supp.2d 621, 626 (E.D.N.Y. 2000) ("When a statutory waiver of immunity exists, a plaintiff must strictly comply with the conditions to suit outlined by the statute or corresponding regulation." (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996))). In the instant case, although Plaintiff failed to allege any basis for waiver, 28 U.S.C. § 1346(a)(1) ("§ 1346(a)"), provides for suit in the federal district courts against the United States for recovery of any internal revenue tax alleged to have been illegally or erroneously assessed or collected. *United States v. Forma*, 42 F.3d 759, 763 (2d Cir. 1994). Specifically,

> The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1).

Nevertheless, the Supreme Court's interpretation of § 1346(a)(1) establishes restrictions qualifying a taxpayer's right to bring an independent refund suit in district court, including 26 U.S.C. § 7422 requiring the filing with the IRS of a "claim for refund or credit." *Forma*, 42 F.3d at 763. Further, the Supreme Court has construed § 1346(a)(1) as requiring "full payment of an assessed tax before a taxpayer can invoke the jurisdiction of the district courts for the refund of any portion of such tax." *Id.* (citing *Flora v. United States*, 362 U.S. 145, 177 (1960)).

In the instant case, Plaintiff's assertion, Plaintiff's Response at 5, that he "has not made any inquiries of the Internal Revenue Service beyond filing this complaint," is, as Defendant's maintain, an admission that Plaintiff has failed to exhaust his administrative

5

remedies as required under § 1346(a)(1), with regard to all years in question.  Further, insofar as Plaintiff has not disputed Defendants' assertion, Defendant's Memorandum at 4, that Plaintiff has yet to make full payment of the taxes assessed for 2001, 2004, and 2005, Plaintiff has acquiesced in the assertion, see Felske v. Hirschmann, 2012 WL 716632, at * 3 (S.D.N.Y. Mar. 1, 2012) (by failing to respond to defendants' argument regarding personal jurisdiction, plaintiff effectively conceded point), which is an additional basis for precluding jurisdiction over any refund sought with regard to those years.

With regard to Defendant's argument, Defendant's Memorandum at 2-4, that Plaintiff's claim for injunctive relief is barred by the Anti-Injunction Act, the Anti-Injunction Act provides, in pertinent part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."  26 U.S.C. § 7421(a).  The purpose of the Anti-Injunction Act "is to protect 'the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund.'"  Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995) (quoting Bob Jones University v. Simon, 416 U.S. 725, 736 (1974) (additional internal quotation marks and citation omitted)).  There are two exceptions to the applicability of the Anti-Injunction Act in federal tax assessment and collection cases, neither of which applies here.

Specifically, the Anti-Injunction Act does not apply where the government could "under no circumstances" ultimately prevail and where an aggrieved party has no adequate remedy at law.  Randell, 64 F.3d at 106-07 (citing Enochs v. Williams Packing

6

& Navigation Co., 730 U.S. 1, 7 (1962)).  With regard to the first exception, however, as discussed, Discussion, *supra*, at 4-6, Plaintiff has failed to exhaust his administrative remedies and, as such, he cannot make any showing that he will ultimately prevail in this action.  As to the second exception, Defendant contends, Defendant's Memorandum at 3-4, Plaintiff is not without a remedy because Plaintiff may, upon paying any taxes owed, subsequently file an administrative claim for a refund subsequent to which, should the administrative claim be denied, with his administrative remedies then exhausted, Plaintiff may commence a tax refund action in this court.  As such, Plaintiff is not without an adequate remedy at law and the second exception to the Anti-Injunction Act does not apply.

Finally, insofar as the Complaint can be construed as asserting a wrongful levy action pursuant to 26 U.S.C. § 7426, not only has Plaintiff failed to establish the United States has consented to waive its sovereign immunity, but because Plaintiff is the taxpayer, he cannot satisfy the waiver provision under 26 U.S.C. § 7426(a)(1) allowing for a waiver of "sovereign immunity for persons other than taxpayers to bring actions against the United States for wrongful levy."

Therefore, Defendant's motion seeking to dismiss the Complaint for lack of subject matter jurisdiction should be GRANTED.

2. **Motion to Amend**

In his response, Plaintiff asserts he is amending the Complaint pursuant to Rule 15(a) to assert a claim for relief pursuant to 28 U.S.C. § 1331, *i.e.*, providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the

7

Constitution, laws, or treaties of the United States." Plaintiff's Response at 5-6. Plaintiff maintains that because his claim arises under federal law, original jurisdiction necessarily exists in this court. *Id.* at 6. Defendant argues Plaintiff's attempt to amend the Complaint does not comply with Rule 15, and even if Plaintiff's attempt to amend is construed as a motion to amend, the proposed amendment would not cure the Complaint's jurisdictional defect because although Plaintiff's case arises under federal law, Defendant has not waived its sovereign immunity. Defendant's Reply at 2.

Pursuant to Rule 15(a), which Plaintiff cites in attempting to amend the Complaint, an amendment as a matter of course must be filed by the earlier of 21 days after the Complaint is served, or 21 days after a responsive pleading is served, whichever is earlier. Fed.R.Civ.P. 15(a)(1). Otherwise, "a party may amend its pleadings only with the opposing party's written consent or the court's leave" which shall be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2).

In the instant case, because more than 21 days had elapsed since the Complaint was filed, Plaintiff was not permitted to amend as a matter of course under Rule 15(a)(1) but, rather, was required to seek leave of the court under Rule 15(a)(2), and such leave would be freely given when justice so requires is. Nevertheless, because the assertion of subject matter jurisdiction pursuant to 28 U.S.C. § 1331 does not cure the Complaint's jurisdictional defect, justice is not served by permitting the amendment, because § 1331 does not waive Defendant's sovereign immunity. *See S.E.C. v. Credit Bancorp, Ltd.*, 297 F.3d 127, 137 (2d Cir. 2002) (district courts have jurisdiction to entertain claims against the United States only insofar as sovereign immunity has been

8

waived, and a general jurisdictional statute does not by itself constitute such waiver)

Accordingly, Plaintiff's motion to amend is DENIED.

## **CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss for lack of jurisdiction (Doc. No. 2), should be GRANTED; Plaintiff's motion seeking leave to file an amended complaint (Doc. No. 5), is DENIED. The Clerk of the Court should be directed to close the case.

                        Respectfully submitted, as to Defendant's motion to dismiss,

                        */s/ Leslie G. Foschio*
                        _____
                        LESLIE G. FOSCHIO
                        UNITED STATES MAGISTRATE JUDGE

SO ORDERED, as to Plaintiff's
Motion to amend.

                        */s/ Leslie G. Foschio*
                        _____
                        LESLIE G. FOSCHIO
                        UNITED STATES MAGISTRATE JUDGE

DATED:      September 26, 2013
                Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    September 26, 2013
                Buffalo, New York

